Mark M. Bettilyon (4798)
Rick B. Hoggard (A5088)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile:   (801) 532-7543

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IDAHO TECHNOLOGY, INC., an Idaho corporation; UNIVERSITY OF UTAH RESEARCH FOUNDATION, a non-profit organization,<br><br>Plaintiffs,<br><br>-vs-<br><br>CORBETT LIFE SCIENCE, an Australian corporation and CORBETT ROBOTICS, INC., a California corporation,<br><br>Defendants. | COMPLAINT<br><br>Civil No.<br><br>Judge: |

Plaintiffs, Idaho Technology, Inc. and the University of Utah Research Foundation (collectively "Plaintiffs") allege as follows:

**THE PARTIES**

1. Idaho Technology, Inc. is an Idaho corporation with its principal place of business located at 390 Wakara Way, Salt Lake City, Utah 84108.

2. The University of Utah Research Foundation is a non-profit organization organized under the laws of the State of Utah, with its principal office located at University of Utah Technology Commercialization Office, 615 Arapeen Drive, Suite 310, Salt Lake City, Utah 84108.

3. Plaintiffs are informed and believe that Corbett Life Science is an Australian corporation with its principal place of business at 14 Hilly Street Mortlake, NSW 2137, Sydney Australia.

4. Plaintiffs are informed and believe that Corbett Robotics, Inc. is a California corporation with its principal place of business at 185 Berry Street, Suite 5200, San Francisco, California 94107.

5. Hereinafter Corbett Life Science and Corbett Robotics, Inc. shall be referred to as "Corbett."

## JURISDICTION AND VENUE

6. This action is brought under the Patent Laws of the United States, 35 U.S.C. § 271 and 281. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§1338(a) and 1331.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

8. Corbett is subject to jurisdiction in Utah because it regularly sells and has sold products in the State of Utah, including products which infringe, contribute to the infringement and/or vicariously infringe the patent claims at issue in this dispute.

## FACTUAL BACKGROUND

9. The present dispute involves a molecular biological process called the Polymerase Chain Reaction ("PCR"). PCR is a molecular biological technique which allows for the amplification or duplication of nucleic acids including DNA. PCR is an important tool because it enables a DNA sample to be amplified so that a sufficient quantity of identical DNA segments are created for further biological study.

10. PCR is achieved by temperature cycling of a sample. In this process, the two strands of the DNA are first separated, specific primers are then annealed to the DNA segments and the segments are then replicated. This cycling process must be repeated numerous times before sufficient quantities of DNA segments are created for further testing purposes.

11. During the PCR amplification process, the samples of biological material may also be monitored using fluorescing dyes and probes. This process allows scientists to quantify the amount and type of genetic material being tested.

12. The present dispute involves equipment, products and software manufactured and sold by Corbett which employ PCR cycling devices and methods, detection methods and quantification methods which infringe patent claims owned by Plaintiffs.

## THE PATENTS

13. University of Utah Research Foundation is the owner and assignee of United States Patent No. 6,787,338 B2 which issued September 7, 2004 (the "'338 Patent"). Idaho Technology, Inc. has exclusively licensed the rights to the '338 patent from the University of Utah Research Foundation and has the exclusive right to enforce the '338 patent. A copy of the '338 Patent is attached hereto as Exhibit A.

14.     The '338 Patent, entitled "Method for Rapid Thermal Cycling of Biological Samples," discloses and claims methods for rapidly amplifying samples of biological material via a thermal cycling process.

15.     University of Utah Research Foundation is the owner and assignee of United States Patent No. 7,238,321 which will issue July 3, 2007 (the "'321 Patent"). Idaho Technology, Inc. has exclusively licensed the rights to the '321 patent from the University of Utah Research Foundation and has the exclusive right to enforce the '321 patent.

16.     The '321 Patent, entitled "Method for Rapid Thermal Cycling of Biological Samples," discloses and claims instruments for rapidly amplifying samples of biological material via a thermal cycling process.

17.     University of Utah Research Foundation is the owner and assignee of United States Patent No. 7,081,226 B1 which issued July 25, 2006 (the "'226 Patent"). Idaho Technology, Inc. has exclusively licensed the rights to the '226 patent from the University of Utah Research Foundation and has the exclusive right to enforce the '226 patent. A copy of the '226 Patent is attached hereto as Exhibit B.

18.     The '226 Patent, entitled "System and Method for Fluorescence Monitoring" discloses and claims methods, systems and devices for monitoring samples of biological material during the thermal cycling process.

19.     University of Utah Research Foundation is also the owner and assignee of United States Patent No. 6,174,670 B1 which issued January 16, 2001 (the "'670 Patent"). Idaho Technology, Inc. has exclusively licensed the rights to the '670 patent from the University of

Utah Research Foundation and has the exclusive right to enforce the '670 patent. A copy of the '670 Patent is attached hereto as Exhibit C.

20. The '670 Patent, entitled "Monitoring Amplification of DNA During PCR," discloses and claims methods of monitoring and analyzing nucleic acid hybridization with double stranded DNA dyes and certain nucleic acid probes which are used to monitor fluorescence during or subsequent to PCR amplification.

21. University of Utah Research Foundation is the owner and assignee of United States Patent No. 6,245,514 B1 which issued on June 12, 2001 (the "'514 Patent"). Idaho Technology, Inc. has exclusively licensed the rights to the '514 patent from the University of Utah Research Foundation and has the exclusive right to enforce the '514 patent. A copy of the '514 Patent is attached hereto as Exhibit D.

22. The '514 Patent, entitled "Fluorescent Donor–Acceptor Pair with Low Spectral Overlap" discloses and claims methods and devices for detecting the presence of a target analyte and specifically relating to the use of fluorescein and Cy5 or Cy5.5 as a fluorescent reasonance energy transfer pair.

23. University of Utah Research Foundation is the owner and assignee of United States Patent No. 6,569,627 B2, which issued May 27, 2003 (the "'627 Patent"). Idaho Technology, Inc. has exclusively licensed the rights to the '627 patent from the University of Utah Research Foundation and has the exclusive right to enforce the '627 patent. A copy of the '627 Patent is attached hereto as Exhibit E.

24. The '627 Patent, entitled "Monitoring Hybridization During PCR using SYBR™ Green I," discloses and claims methods of amplifying a nucleic acid in the presence of SYBR™ Green I and/or pico green.

25. University of Utah Research Foundation is an owner and assignee of United States Patent No. 6,303,305 B1 which issued on October 16, 2001 (the "'305 Patent"). Idaho Technology, Inc. has exclusively licensed the rights to the '305 patent from the University of Utah Research Foundation and has the exclusive right to enforce the '305 patent. A copy of the '305 Patent is attached hereto as Exhibit F.

26. The '305 Patent, entitled "Method for Quantification of an Analyte" relates to methods for quantifying the concentration of the nucleic acid in a nucleic acid sample by calculating first, second and N th order derivatives.

27. University of Utah Research Foundation is an owner and assignee of United States Patent No. 6,503,720 B2 which issued on January 7, 2003 (the "'720 Patent"). Idaho Technology, Inc. has exclusively licensed the rights to the '720 patent from the University of Utah Research Foundation and has the exclusive right to enforce the '720 patent. A copy of the '720 Patent is attached hereto as Exhibit G.

28. The '720 Patent, entitled "Method for Quantification of an Analyte" relates to methods for quantifying the concentration of the nucleic acid sample by calculating first, second and N th order derivatives.

29. Hereinafter the '338 Patent, '321 Patent, '226 Patent, '670 Patent, '514 Patent, '627 Patent, '305 Patent, and '720 Patent shall be referred to as the "IT Patents."

## INFRINGING CONDUCT

30. Corbett manufactures, uses, sells, and offers to sell, products under the Rotor-Gene brand name, including but not limited to the Rotor-Gene 2000, Rotor-Gene 3000 and the Rotor-Gene 6000, which infringe directly the "IT Patents." Corbett also provides instructions to its customers which induce infringement of the IT Patents. Corbett also provides tubes under the Gene-Disc brand name which are promoted for use in its Rotor-Gene devices, along with other equipment, software and software updates to its customers which contribute to the infringement of IT Patents.

## FIRST CLAIM FOR RELIEF

(Direct Infringement, 35 U.S.C. § 271(a)

31. Plaintiffs hereby incorporate by reference the preceding paragraphs.

32. Corbett has manufactured, used, sold, or offered for sale and/or manufactures, uses, sells and offers for sale, products which utilize the claims and methods of the IT Patents.

33. The products sold by Corbett which infringe these claims include but are not limited to devices sold under the brand name "Rotor-Gene."

34. Plaintiffs are informed and believe Corbett has sold such devices in this judicial district and elsewhere in the United States.

35. This conduct constitutes a direct infringement of the IT Patents.

36. Corbett has actual and/or constructive knowledge of the IT Patents but despite such knowledge Corbett has and continues to willfully infringe the IT Patent claims at issue in this dispute.

37. Plaintiffs have been damaged by these acts of infringement and will continue to be harmed unless Corbett's further acts of infringement are restrained by Order of the Court.

## SECOND CLAIM FOR RELIEF

(Inducement of Patent Infringement 35 U.S.C. § 271(b))

38. Plaintiffs hereby incorporate by reference the preceding paragraphs.

39. Corbett intentionally induces infringement of the IT Patents. Corbett's intentional inducement includes, but is not limited to its marketing, sales, and instructions for use of its Rotor-Gene devices and software.

40. Plaintiffs are informed and believe that Corbett provides written and oral instructions to actual and prospective customers to use methods disclosed by the IT Patents. Further, use of the Corbett products as instructed has and will result in infringement of the IT Patents.

41. Corbett has had actual notice and constructive notice of the IT Patents while inducing such infringement.

42. Corbett's inducement of infringement is willful.

43. Plaintiffs have been damaged by these acts of infringement and will continue to be harmed unless Corbett's further acts of infringement are restrained by Order of the Court.

## THIRD CLAIM FOR RELIEF

(Contributory Infringement 35 U.S.C. § 271(c))

44. Plaintiffs hereby incorporate by reference the preceding paragraphs.

45. Corbett also contributes to the infringement of the IT Patents, by providing infringers with software, software updates and products sold under the trade name "GeneDisc," which on information and belief, have no substantial noninfringing use.

46. Corbett has had actual notice and constructive notice of the IT Patents while contributing to such infringement.

47. Corbett's contributory infringement is willful.

48. Plaintiffs have been damaged by these acts of infringement and will continue to be harmed and unless Corbett's further acts of infringement are restrained by Order of the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter a judgment and decree as follows:

1. A declaration that Corbett has and is infringing one or more claims of the IT Patents;

2. A permanent injunction enjoining Corbett, its offers, directors, employees, agents, and attorneys and all persons in active concert or participation with them from infringing one or more claims of the IT Patents;

3. A permanent injunction requiring Corbett to cease the manufacture, sales, distribution or promotion of all products developed in whole or in part which infringe, or which when used infringe, one or more of the claims of the IT Patents;

4. A permanent injunction requiring the impoundment and destruction of all products developed in whole or in part by Corbett which infringe, or when used infringe, one or more claims of the IT Patents;

5.   Awarding Plaintiffs' damages, together with prejudgment interest, based on Corbett's infringement of the IT Patents, and trebling the same pursuant to 35 U.S.C. § 284 for the willful, wanton, and deliberate nature of such infringement;

6.   Awarding Plaintiffs their costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

7.   Granting Plaintiffs such other and further relief as this Court deems proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED this 27th day of June, 2007.

RAY QUINNEY & NEBEKER P.C.


  /s/ Mark M. Bettilyon
Mark M. Bettilyon
Rick B. Hoggard

*Attorneys for Plaintiffs*

Plaintiffs' Address

Idaho Technology, Inc.
390 Wakara Way
Salt Lake City, Utah 84108

University of Utah Research Foundation
University of Utah Technology Commercialization Office
615 Arapeen Drive, Suite 310
Salt Lake City, Utah 84108

926553